**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CHARLOTTE BRANNON**,

    Plaintiff,

vs.                                                   **Case No. 8:04-CV-1636-T-EAJ**

**JO ANNE B. BARNHART**,
Commissioner of Social Security

    Defendant.
_____/

**ORDER**

Before the court is Plaintiff's **Application for Attorney Fees** (Dkt. 25), filed January 24, 2006. Plaintiff requests an award of attorneys' fees in the amount of $4,813.73 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (1992). The amount of attorneys' fees Plaintiff requests represents 2.20 hours of work by attorney Emily Lawyer, Esq. in 2004 at a rate of $151.75 per hour and 27.90 hours of work in 2005 at a rate of $155.13 per hour. Plaintiff's counsel conferred with Defendant, who does not oppose Plaintiff's request (Dkt. 25 at 1). As will be discussed infra, Plaintiff has satisfied all jurisdictional requirements for this court to grant the instant motion for attorneys' fees.

The EAJA permits an award of "fees and other expenses" to an individual who prevails in a suit in which the government is a party and the government's litigating position was not "substantially justified," unless special circumstances make an award unjust. § 2412(d)(1)(A). This court's order remanding this case to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g)  (Dkt. 23) entitles Plaintiff to prevailing party status under the EAJA because Plaintiff obtained a "sentence four" judgment. Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993).

In this case, the government's position was not substantially justified.

The EAJA requires a party seeking an award of fees to submit an application for such fees to the court "within thirty days of final judgment in the action." § 2412(d)(1)(B). The EAJA defines "final judgment" as a judgment that is "final and not appealable." § 2412(d)(2)(G). Thus, in sentence four cases, the period for requesting an award of fees begins after the final judgment is entered by the court and the appeal period has run, so that the judgment is no longer appealable. Schaefer, 509 U.S. at 298; See also Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991); Boronat v. Sullivan, 788 F. Supp. 557, 559-60 (S.D. Fla. 1992) (thirty-day period for filing EAJA application for attorney's fees begins after the court enters final judgment and the sixty-day appeal period has run).

Judgment for Plaintiff was entered on November 30, 2005 (Dkt. 24), and Plaintiff's motion for attorneys' fees (Dkt. 25) was filed on January 24, 2006. By the date of this order, the sixty-day appeals period has run and the court's remand order has become the final judgment and is no longer appealable. Accordingly, Plaintiff's motion is timely, and this court has jurisdiction to award the requested fees.

Moreover, as the hourly rate and number of hours are not in dispute, the court finds it unnecessary to determine whether the application, if contested, otherwise complies with the EAJA. This court will therefore grant Plaintiff's request for attorneys' fees.

Accordingly and upon consideration, it is **ORDERED** and **ADJUDGED** that:

1. Plaintiff's **Application for Attorney Fees** (Dkt. 25) is **GRANTED;** and

2. Plaintiff's counsel, Emily W. Lawyer, shall be awarded $4,813.73 in attorneys' fees.

**DONE** and **ORDERED** in Tampa, Florida this 31st day of January, 2006.

_____
ELIZABETH A JENKINS
United States Magistrate Judge